Opinion of the Court, by
Judge Logan.
Hynes preferred his bill to foreclose the equity of redemption to certain land, for which he holds the mortgage of the appellee to secure the payment of $800.
Rogers sets forth in his defence, the discharge of the mortgage by a draught, which has been paid, on James Ruddell, for $400, and by the assignment of a note on Walter Brashears for the further sum of $400.
Whether, under the circumstances of this case, the assignment of the note operated as a release of the mortgage, is the question for our determination.
The circumstances of the case are simply these: That Rogers, wishing to sell to Brashears the mortgaged premises, in order to procure its release from the mortgage, gave the order on Ruddell and the assignment of the note on Brashears; and Hynes, in receipting for the same, states, that on the payment of the said sums he would release the mortgage.
Now, it is contended, that Hynes was bound to prosecute with diligence, the recovery of this money; and that, owing to his laches, the debt on Brashears has not been received, and ought, therefore, as to Rogers, to be taken as paid.
Hynes allegesthat he accepted of the assignment of the note for the purpose only of showing his right thereto, and agreed that it should release the mortgage upon the condition only that the money was paid before he set out for Baltimore in the spring following.
The note from Brashears to Rogers was made payable before the appellant should go or send to Baltimore, and bears date the 8th of December 1808, with the assignment to Hynes on the 9th of December.
By virtue of the mortgage the legal title to this land became vested in the appellant, subject to the condition *230 therein specified, of paying certain money. The mortgagee was not bound to relinquish the lien he held thereon, without the payment of the sum due to him; and although the acceptance of the assignment of the note would have imposed on him the duty of using due diligence to recover the money, yet if the acceptance was under an agreement that the money should be paid by a given day, and the mortgage held up, the right of the mortgagee must remain; for he had only agreed to accept of the evidence of the debt, and apply it in discharge of the mortgage, upon a condition which has not been complied with; and from the receipt of Hynes, and Brashears’ note, we think the proper conclusion is, that those were the terms of the acceptance by Hynes, of the note on Brashears.
But, on another ground, we cannot perceive the propriety of the defence urged by the appellee. Brashears was the purchaser of this land; the mortgage was to be discharged for his benefit, and it is his note which remains unpaid. The incumbrance is, therefore, to the prejudice of Brashears, the purchaser; and he cannot object, because the equity of the lien, as to him, cannot be questioned; and the legal right being with the mortgage, manifests the correctness of pursuing the land for the satisfaction of the debt. Nor can a sub-purchaser, without any equitable matter against the mortgagee, stand upon better ground than Brashears himself.
We are, therefore, of opinion that the decree of the circuit court must be reversed, and the cause remanded to said court, for a decree conformably to this opinion, and such further orders and decrees as the case requires, agreeably to equity. And it is further ordered, that the appellee do pay to the appellant his costs in this court expended.
On the 19th of the same month, the following additional opinion was delivered by Judge Logan:
It appears in this case, that Rogers being indebted to Hynes the sum of §1,674, executed a mortgage on one hundred acres of land; and that, some time thereafter, Hynes passed his writing to Rogers, whereby he *231 agreed that upon the receipt of $800, as stated in the former opinion of this court, he would release the mortgage.
The former opinion was predicated on the idea that $800 only remained due on the mortgage, when the writing was subsequently executed by Hynes. But, upon further examination, we have probably been mistaken in this impression, and we incline to think we were; but are still of opinion that, upon the payment of $400, with interest and costs, the mortgage becomes satisfied, under the agreement; and that for the residue which may be due, Hynes should have his remedy at law. It may have been otherwise satisfied, and forms no part of the point really in dispute in this contest. We have, therefore, declined an examination of the propriety of decreeing the balance which, from the mortgage and exhibits referred to in the bill, appears to be due.